UNITED STATES of America, Plaintiff—Appellee,

v.

John KAZMAREK, Defendant—Appellant.

No. 04–10665.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 19, 2005.[*]

Decided Oct. 21, 2005.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See*

Fed. R.App. P. 34(a)(2).

William R. Reed, Esq., USLV—Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Leslie Fatowe, FPDNV—Federal Public Defender's Office, Las Vegas, NV, for Defendant–Appellant.

Before: WALLACE, TROTT, and RYMER, Circuit Judges.

## MEMORANDUM **

John Kazmarek appeals from his conviction and sentence for being a felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2). We affirm.

### I

■ The district court did not err in refusing to suppress Kazmarek's unwarned statement regarding the missing gun's location. That statement was admissible at Kazmarek's trial, despite the lack of warnings under *Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), because it fell within the public safety exception of *New York v. Quarles,* 467 U.S. 649, 104 S.Ct. 2626, 81 L.Ed.2d 550 (1984). At the time Officer Gagliardi asked Kazmarek about the gun's location, Kazmarek was acting angrily, appeared to be under the influence of methamphetamine, and had just withdrawn an empty holster from his waistband and thrown it underneath his car. Officer Gagliardi was alone and confronted two suspects, Kazmarek and Robin Poland, a female companion. Though Kazmarek was handcuffed by the time Officer Gagliardi asked him about the gun's location, Ms. Poland was not handcuffed and could have accessed the missing gun. This combination of circumstances suffices to show that Officer Gagliardi's questions about the gun's location and related information were "reasonably prompted by a concern for the public safety," *id.* at 656, 104 S.Ct. 2626, and that Officer Gagliardi "reasonably believe[d] that there [was] a serious likelihood of harm to the public or fellow officers." *Allen v. Roe,* 305 F.3d 1046, 1050 (9th Cir. 2002).

### II

■ The district court also properly refused to suppress the gun that the police discovered in Kazmarek's car. Kazmarek took an empty holster from his waistband and threw it underneath his car. He then told Officer Gagliardi that the gun for that empty holster was probably inside his car. This combination of circumstances was more than enough to create probable cause to believe that the missing gun was inside Kazmarek's car. *See United States v.*

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

*Spencer,* 1 F.3d 742, 743, 746 (9th Cir.1992) (as amended) (holding that probable cause to believe that gun is in car exists where recent occupant is wearing empty shoulder holster and was seen making concealing movements under the car's front seat before exiting vehicle); *United States v. Baker,* 850 F.2d 1365, 1367, 1369 (9th Cir.1988) (holding that probable cause to believe that gun is in car exists where recent occupant is found to have ammunition on his person). Under the automobile exception to the Fourth Amendment's warrant requirement, probable cause was all the police needed in this situation to search Kazmarek's car for the missing gun. *See California v. Acevedo,* 500 U.S. 565, 580, 111 S.Ct. 1982, 114 L.Ed.2d 619 (1991); *United States v. Ross,* 456 U.S. 798, 825, 102 S.Ct. 2157, 72 L.Ed.2d 572 (1982).

### III

Since it is not possible to determine whether the district court would have given Kazmarek a materially different sentence had it known the Sentencing Guidelines are not mandatory, we remand Kazmarek's sentence pursuant to the limited remand procedure outlined in *United States v. Ameline,* 409 F.3d 1073, 1084–85 (9th Cir.2005) (en banc).

AFFIRMED; SENTENCE REMANDED.